UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAWN LOUISE M.,[1]<br><br>    Plaintiff,<br><br> v.<br><br>MARTIN J. O'MALLEY,<br>Commissioner of Social Security<br>Administration,[2]<br>    Defendant. | Case No. 4:24-cv-00130-DKG<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

# INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her application for disability and disability insurance benefits. (Dkt. 1). Having reviewed the Complaint, the parties' memoranda, and the administrative record (AR), the Court will affirm the decision of the Commissioner for the reasons set forth below.

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Martin J. O'Malley became the Commissioner of Social Security Administration on December 20, 2023. Fed. R. Civ. P. 25(d).

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

On March 31, 2021, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on February 1, 2015. (AR 18, 142). Plaintiff's application was denied initially and on reconsideration. A hearing was conducted on April 4, 2023, before Administrative Law Judge (ALJ) Christel Ambuehl. (AR 18).[3]

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on June 20, 2023, finding Plaintiff not disabled. (AR 18-30). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

Plaintiff was fifty-four years of age on the alleged onset date. (AR 27). However, on the date last insured, Plaintiff was fifty-five years of age, which is defined as an individual of advanced age. (AR 27); 20 C.F.R. § 404.1563.  Plaintiff has at least a high school education with past relevant work experience as bakery department supervisor and an institutional cook. (AR 27-28). Plaintiff claims disability due to physical impairments including cardiomyopathy, paroxysmal atrial fibrillation, obesity, allergic rhinitis, rotator cuff strain, hemorrhoids, diabetes, back pain, sleep apnea, precancerous lesions, plantar fasciitis, and knee problems. (AR 21-22).

---

[3] The hearing was conducted with the consent of the Plaintiff via telephone due to the Coronavirus Pandemic of 2019. (AR 18).

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of February 1, 2015, through her date last insured of June 30, 2017. (AR 21). At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: cardiomyopathy, paroxysmal atrial fibrillation, and obesity. (AR 21). The ALJ found there was insufficient evidence that Plaintiff's allergic rhinitis, rotator cuff strain, and hemorrhoids resulted in an effect on her ability to work that persisted for at least twelve continuous months. (AR 21). The ALJ determined Plaintiff's diabetes to be non-severe. (AR 21). The ALJ also found that Plaintiff's back pain, sleep apnea, precancerous lesions, plantar fasciitis, and knee problems did not constitute medically determinable impairments. (AR 22).

At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 22). The ALJ next found Plaintiff retained the Residual Functional Capacity ("RFC") for light work, except Plaintiff was able to stand

or walk for six hours of an eight-hour workday and was limited to frequent, not constant, climbing of ramps, stairs, ladders, ropes, and scaffolds. (AR 23).

At step four, the ALJ found Plaintiff unable to perform any of her past relevant work as a bakery department supervisor or an institutional cook. (AR 27). At step five, the ALJ determined that considering Plaintiff's age, education, work experience, and RFC, she had acquired skills from past relevant work that were transferable to other occupations existing in significant numbers in the national economy such as retail store manager, food salesclerk, and short order cook. (AR 29-30). Therefore, the ALJ found Plaintiff not disabled. (AR 29).

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id*.

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id*.

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r, Soc. Sec. Admin*., 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence

**MEMORANDUM DECISION AND ORDER - 4**

presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id*.

## DISCUSSION

The sole issue raised on review is whether the ALJ's step five finding identifying a significant range of work that Plaintiff could perform was supported by substantial evidence. (Dkt. 15 at 5). To best comprehend Plaintiff's argument, the Court shall briefly review the ALJ's finding at step five and the applicable rules.

When a plaintiff cannot perform past relevant work at step four, "and that work has been determined to be skilled or semi-skilled," the ALJ must consider whether the skills acquired are transferable to other jobs at step five. SSR 82-41, 1982 SSR LEXIS 34, at *3. Plaintiff's past relevant work as a bakery department supervisor and an institutional cook were determined to be skilled.[4] (AR 27-28). During the hearing, the vocational expert testified that Plaintiff acquired skills as a bakery department supervisor that were transferable to the occupations of retail store manager and food salesclerk. (AR 29). The vocational expert also testified that Plaintiff acquired skills as an institutional cook that were transferable to the occupation of short order cook. *Id*. Considering

---

[4] Occupations are classified as unskilled, semi-skilled, or skilled. 20 C.F.R. § 404.1568. "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. Skilled work may require laying out work, estimating quality, determining the suitability and needed quantities of materials, making precise measurements, reading blueprints or other specifications, or making necessary computations or mechanical adjustments to control or regulate the work. Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." *Id*. at 404.1568(c).

**MEMORANDUM DECISION AND ORDER - 5**

Plaintiff's age, education, work experience and RFC, the ALJ found that Plaintiff's skills from her past relevant work were transferable to the occupations of retail store manager, food salesclerk, and short order cook. (AR 27-29). Because the ALJ determined Plaintiff to be able to perform those occupations at step five, she was found not disabled through the date last insured. *Id*.

Plaintiff's argument specifically relates to the Agency's regulation defining past work, which was revised to reduce the relevant past work period from fifteen years to five years, effective June 8, 2024. (Dkt. 15 at 6); *see* 89 Fed. Reg. 27653 (April 18, 2024). Plaintiff argues that under the new regulation, the ALJ erred by finding Plaintiff had transferable skills from her past occupation as an institutional cook because Plaintiff held that job more than five years before the alleged onset date. (Dkt. 15 at 7). If the revised regulation were to apply, the ALJ's determination that Plaintiff could perform the job of short order cook based on her skills as an institutional cook would therefore be eliminated, leaving only two remaining occupations that Plaintiff could perform. *Id*.

Plaintiff then argues that if the ALJ identified only two jobs Plaintiff is capable of performing, the ALJ erred. *Id*. at 9. Because Plaintiff is limited to light work, has reached advanced age (55 years of older), can no longer perform past relevant work, and has transferable skills, the ALJ correctly determined that grid Rule 202.07 applies.[5] (Dkt. 15 at 8, AR 28); *see* 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 202.07. For a claimant in

---

[5] "The Medical-Vocational Guidelines or "the grids", are a "short-hand method for determining the availability and numbers of suitable jobs for a claimant." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).

**MEMORANDUM DECISION AND ORDER - 6**

Plaintiff's position to be found not disabled, she is required to have skills readily transferable to a "significant range" of work.[6] 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 202.07, n.2. The Ninth Circuit has determined that under Rules 202.07 and 202.00(c), two occupations do not constitute a "significant range" of work. *Maxwell v. Saul*, 971 F.3d 1128, 1131 (9th Cir. 2020) (citing *Lounsburry*, 468 F.3d at 1116). Here, Plaintiff claims that applying the revised regulation precludes a finding that Plaintiff is capable of performing the occupation of short order cook, leaving only two occupations identified by the vocational expert. As two occupations are insufficient to find that Plaintiff has skills transferable to a significant range of work under the grid rules, the ALJ's decision is not supported by substantial evidence. (Dkt. 15 at 9).

Defendant contends that the regulatory change regarding the period of past relevant work did not take effect until after the ALJ's decision finding Plaintiff not disabled, and therefore the Court should assess the ALJ's decision based on the law in effect at the time of the decision. (Dkt. 20 at 3-4).

Plaintiff does not explain why the regulatory change to the period of past relevant work, effective June 8, 2024, would be applicable to the June 2023 decision of the ALJ at

---

[6] Footnote 2 to Rule 202.07 directs that Rule 202.00(c) also governs whether Plaintiff is disabled. *See Lounsburry*, 468 F.3d at 1116. "Rule 202.00(c) provides: [F]or individuals of advanced age who can no longer perform vocationally relevant past work and . . . who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, . . . the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled."

**MEMORANDUM DECISION AND ORDER - 7**

issue here. Plaintiff cites to the Agency's Emergency Message-24028, in support of her contention that the new regulation should apply, because the message states:

> We will not apply *res judicata* to bar readjudication. . . when the prior final determination or decision finding the claimant not disabled is dated prior to June 22, 2024, if the prior adverse determination or decision found the individual could do. . . other work at step five of the SEP, work experience was material to the decision, and the individual's work experience is different under the [revised] rule.

*See* Emergency Message-24028[7]; (Dkt. 15 at 6). However, Plaintiff's reliance on the emergency message is misplaced, as its purpose is to provide guidance for how the Agency applies administrative *res judicata*. Indeed, the same section of Emergency Message-24028 clarifies that when this specific criterion is met, *res judicata* will not apply to "deny a subsequent claim or dismiss a request for a hearing on that claim". *See Id*. The Court's function here is to review the final decision of the ALJ, not to deny a subsequent claim or dismiss a request for a hearing.

Additionally, updated Social Security Ruling 24-2p, which details how the Agency evaluates past relevant work in establishing disability, states that the Agency "expect[s] that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions." Social Security Ruling 24-29, 89 Fed. Reg. 48479, n.1 (June 6, 2024). Similar to the concept used in Emergency Message-24028, the rule continues that "[i]f a court reverses our final decision and remands a case for further

---

[7] "Intermediate Improvement to the Disability Adjudication Process: Including How We Consider Past Work Regulation and Res Judicata Policy Application" (available at https://secure.ssa.gov/apps10/reference.nsf/links/06252024095031AM) (last accessed September 30, 2024).

**MEMORANDUM DECISION AND ORDER - 8**

administrative proceedings after the applicable date of this SSR, we will apply [the new regulation] to the entire period at issue in the decision we make after the court's remand" *Id.*

Neither the emergency message nor revised rule explicitly state or otherwise imply that the revised regulation will apply retroactively to claims decided prior to its enactment. If there was an independent ground to remand the case here, the Court agrees with Plaintiff that per Emergency Message-24028 and SSR 24-29, the Agency would use the revised regulation regarding past relevant work in the new decision after remand. But the change in regulation on its own, effective after the ALJ's final decision was made, is not a valid basis for reversal.

Further, there is ample support within the Ninth Circuit for the proposition that functioning as an appellate court reviewing the Commissioner's decision, a district court applies the laws, regulations, and policy rulings as they were in effect at the time of the final decision. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012), (citing *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir.2011)); *Smith v. O'Malley*, 2024 U.S. Dist. LEXIS 169225, at *3 (E.D. Cal. Sep. 19, 2024) (citing *Rose v. Berryhill*, 256 F. Supp. 3d 1079, 1084 (C.D. Cal. Jun. 17, 2017) ("Where, as here, the ALJ's decision is the final decision of the Commissioner, the reviewing court generally applies the law in effect at the time of the ALJ's decision.") (citations omitted); *see also Saydman v. Berryhill*, 2018 U.S. Dist. LEXIS 166960, at *4 n.3 (C.D. Cal. Sep. 27, 2018) (citing *Lowry v. Astrue*, 474 F. App'x 801, 805 n.2 (2d Cir. 2012) (applying version of regulation in effect at time of ALJ's decision despite

subsequent amendment); *Daralyn Anne B. v. Comm'r*, 2019 U.S. Dist. LEXIS 219174, at *25 n.3 (D. Or. Dec. 16, 2019) (citing *Garrett ex rel. Moore v. Barnhart*, 366 F.3d 643, 647 (8th Cir. 2004)) ("We apply the rules that were in effect at the time the Commissioner's decision became final."). Accordingly, we decline to apply the revised regulation regarding the period of past relevant work to Plaintiff's case presently before this Court.

Ultimately, the Ninth Circuit has made clear the ALJ's denial of benefits will be disrupted only if the district court determines "it is not supported by substantial evidence or is based on legal error." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). As the Court declines to find the new regulation applies to the ALJ's decision here, Plaintiff's reliance on *Maxwell* and *Lounsburry* as a basis for remand is inapplicable. (Dkt. 15 at 8-9); *Maxwell*, 971 F.3d at 1131; *Lounsburry*, 468 F.3d at 1116. Other than Plaintiff's reliance on the applicability of the revised regulation, she does identify any evidence undermining the vocational expert's testimony and the ALJ's subsequent step five finding, nor does she point to any legal error. *See Lemke v. O'Malley*, 2024 U.S. App. LEXIS 17910, at *3 (9th Cir. 2024). Therefore, the Court will affirm the decision of the Commissioner.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that:

1) The decision of the Commissioner of Social Security be **AFFIRMED**;

2) Judgment be **ENTERED** consistent with the above in favor of Defendant.

**MEMORANDUM DECISION AND ORDER - 10**

DATED: October 3, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 11**